**Rosa SOSA, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 02–71105.

INS No. A75–261–481.

United States Court of Appeals, Ninth Circuit.

Submitted May 16, 2003.*

Decided Sept. 30, 2003.

Walter Rafael Pineda,Law Offices of Walter Rafael Pineda, San Francisco, CA, for Petitioner.

Regional Counsel, Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, San Francisco, CA, Greg D. Mack, DOJ–U.S. Department of Justice, Washington, DC, for Respondent.

Before HUG, GIBSON** and FISHER, Circuit Judges.

---

** The Honorable John R. Gibson, Senior Circuit Judge, United States Court of Appeals for the Eighth Circuit, sitting by designation.

## MEMORANDUM***

Sosa argues that the BIA violated her procedural due process rights when it affirmed the IJ's decision to pretermit her asylum application without conducting an evidentiary hearing and without allowing her to testify. We reject this claim. Petitioners must show prejudice to make out a due process violation, which Sosa has not done. *See Colmenar v. INS,* 210 F.3d 967, 972 (9th Cir.2000). Nor is there anything in this record from which we can infer prejudice despite her failure to pinpoint the precise evidence she would have presented had she been given the opportunity. *Compare Agyeman v. INS,* 296 F.3d 871, 885 (9th Cir.2002).

Sosa also argues that she had settled expectations of her placement in deportation proceedings rather than removal proceedings if her asylum application, which was filed before IIRIRA's effective date of April 1, 1997, was denied. Accordingly, she claims that the application of IIRIRA's removal provisions to her was impermissibly retroactive. She also argues that because the denial of an asylum application *necessarily* results in an INS proceeding, her case is distinguishable from *Jimenez–Angeles v. Ashcroft,* 291 F.3d 594 (9th Cir.2002), and that her placement in removal proceedings violated her due process rights. As Sosa concedes, however, her arguments are now foreclosed by *Vasquez–Zavala v. INS,* No. 01–70973, 2003 WL 1792909 (9th Cir. Apr.7, 2003). Accordingly, Sosa's petition for review is DENIED.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.